IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| TAMMY CANTRELL, on behalf of TRAVIS CANTRELL, a minor child<br><br>Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:04CV1059<br><br>Judge Dee Benson |

Before the Court is an action filed by Tammy Cantrell, on behalf of her son Travis Cantrell, seeking judicial review of a final agency decision of the Commissioner of Social Security. The Commissioner's decision denied Travis' application for supplemental security income benefits as a child under Title XVI of the Social Security Act, §§ 1381-1383c. The application alleged disability since June 1, 2002, due to leg length discrepancies, asthma, and acid reflux.

The application was initially denied on August 30, 2002. It was denied upon reconsideration on November 20, 2002. Plaintiff timely requested a hearing before an Administrative Law Judge, and a hearing was held on December 18, 2003. The ALJ issued a decision on April 23, 2004, finding that Travis was not disabled because he did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled any impairment listed at 20 C.F.R. Pt. 404, Sbpt. P, App. 1. Plaintiff requested review by the Appeals Council, and the request was denied on October 16, 2004.

Plaintiff argues that the Court should reverse the ALJ's decision because (1) the ALJ erred in finding that Travis' leg impairments did not meet or equal Listing 101.02(A), and (2) the ALJ erred in rejecting the opinion of Dr. Randall, a treating physician, who opined that Travis was disabled under the statute.

## STANDARD OF REVIEW

The Court's review of the decision is limited to determining whether the "factual findings are supported by substantial evidence in the record viewed as a whole" and whether the correct legal standards were applied. Castellano v. Sec'y of Health and Human Serv., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court may consider the specific rules of law that the ALJ must follow in weighing particular types of evidence, but the Court will not reweigh the evidence or substitute its judgment for that of the agency. White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).

## ANALYSIS

The Court, having carefully reviewed the record and the briefing of the parties, finds that the ALJ's decision was supported by substantial evidence and that the correct legal standards were applied. The Court relies on the law and reasoning set forth in the Commissioner's brief as the basis for its decision. Specifically, substantial evidence supports the determination that Travis' conditions did not meet all the requirements of Listing 101.02A and did not show an inability to ambulate effectively as defined by Listing 101.00B2b. Substantial evidence also supports the determination that Travis' conditions did not medically or functionally equal a Listing. In addition, the ALJ's treatment of Dr. Randall's opinion was appropriate because the

opinion was inconsistent with other substantial evidence and because the opinion amounted to an ultimate determination of Travis' disability status under the statute, which determination is reserved for the Commissioner.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the denial of benefits is DENIED.

IT IS SO ORDERED

Dated this 16th day of September, 2005.

Dee Benson
U.S. District Court Judge